UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADVISORY COMMITTEE AND TRUSTEES OF THE KING'S COMMAND FOODS, INC. 401(k) PROFIT SHARING PLAN AND TRUST,<br><br>Plaintiff,<br><br>v.<br><br>SHARON BETZING, *et al.*,<br><br>Defendants. | Case No. C05-1124L<br><br>TEMPORARY RESTRAINING ORDER; ORDER NOTING MOTION FOR PRELIMINARY INJUNCTION |

This matter comes before the Court on a motion for a temporary restraining order and preliminary injunction filed by plaintiff Advisory Committee and Trustees of the King's Command Foods, Inc. 401(k) Profit Sharing Plan and Trust (the "Advisory Committee"). Plaintiff faxed a copy of the motion to counsel for defendant Sharon Betzing on June 21, 2005, and served a copy of the motion on both defendants on June 22, 2005. Neither defendant has responded to the motion.

Plaintiff asserts a claim under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(3) ("ERISA") for the return of assets erroneously distributed

TEMPORARY RESTRAINING ORDER;
ORDER NOTING MOTION FOR
PRELIMINARY INJUNCTION - 1

1  to defendant Sharon Betzing.  The assets derive from a 401(k) account for Douglas
2  Betzing, now deceased.  The Advisory Committee distributed the entirety of the account
3  to Sharon Betzing pursuant to Mr. Betzing's Will.  It subsequently learned that pursuant
4  to the terms of the benefits plan, and pursuant to Mr. Betzing's Beneficiary Designation
5  Form, 50% of the assets should have gone to Ms. Betzing, and the other 50% distributed
6  equally between Mr. Betzing's two daughters.  The Advisory Committee has requested
7  return of the assets, but defendants have not complied.  Plaintiff now seeks to enjoin
8  defendants from liquidating or otherwise disposing of the assets.

9        Having considered plaintiff's motion for a temporary restraining order and
10 supporting documents, and having been advised by counsel for defendant Sharon Betzing
11 that she does not object to the motion, the Court finds that plaintiff has shown a
12 likelihood of success on the merits and the possibility of irreparable injury if the
13 requested relief is not granted.  The Court also finds that the balance of hardships tips in
14 plaintiff's favor; the public's interest is not a factor.

15       Therefore, the Court RESTRAINS defendants Sharon Betzing and the Edward
16 Jones Company, as custodian of an account held for Sharon Betzing, from disbursing,
17 liquidating, removing, or otherwise disposing of any of the assets that are the subject of
18 the action and that are maintained in account number XXX-X2987 by Edward Jones
19 Company for the benefit of Sharon Betzing.  This Order shall remain in effect until the
20 issuance of the Court's ruling on the motion for a preliminary injunction.

21       This Temporary Restraining Order is contingent upon the filing of a bond in the
22 amount of $5,000 by the Advisory Committee.  Plaintiff shall file this bond by 4:30 p.m.
23 on Tuesday, June 28, 2005.

24       The Clerk of the Court is directed to NOTE plaintiff's motion for preliminary

25 TEMPORARY RESTRAINING ORDER;
   ORDER NOTING MOTION FOR
26 PRELIMINARY INJUNCTION - 2

1  injunction (Dkt. #2) for July 11, 2005. Defendants' response to the motion, if any, shall
2  be filed no later than 12:00 p.m. on July 5; plaintiff's reply, if any, must be filed no later
3  than 5:00 p.m. on July 7, 2005. The parties are directed to appear for a hearing before the
4  Court regarding the motion for a preliminary injunction on July 11, 2005 at 2:00 p.m.
5  Because neither defendant has filed a notice of appearance in this newly-filed action,
6  plaintiff shall promptly notify both defendants of this Order and of the hearing.

8          DATED this 24th day of June, 2005.

                                            /s/ Robert S. Lasnik
10                                          Robert S. Lasnik
                                            United States District Judge

25  TEMPORARY RESTRAINING ORDER;
    ORDER NOTING MOTION FOR
26  PRELIMINARY INJUNCTION - 3